IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 NOV 22  AM 10: 03

CLERK-ALBUQUERQUE

CHANSELOR BELL,

            Plaintiff,

v.

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
DEBI HINES, in her individual and official
capacity, LORI ROWE, in her individual
and official capacity, GREG BROWN, in
his individual and official capacity,

**CIV - 0 6 - 1 1 3 7  LH  ACT**

            Defendants.

## **NOTICE OF REMOVAL**

    Defendants Board of Education of the Albuquerque public Schools, Debi Hines,

Lori Rowe and Greg Brown (hereinafter collectively referred to as "APS"), hereby give

notice of the removal to this Court, pursuant to 28 U.S.C. §§ 1441(a), (b), and (c), and 28

U.S.C. § 1446, of the above-captioned action, formerly pending in the Second Judicial

District Court, County of Bernalillo, State of New Mexico, as Cause No. CV 06-05804.

In support thereof, APS states as follows:

    1.    On July 26, 2006, Plaintiff, Chanselor Bell, filed a Complaint for

Violation of Civil Rights Pursuant to Section 1983, Title VI of the Civil Rights Act of

1964 and Section 504 and Civil Action Following Exhaustion of IDEA Administrative

Procedures, in the Second Judicial District Court for the State of New Mexico.  A true

and correct copy of Plaintiff's Complaint in this matter is attached hereto as Group

Exhibit A.

2.      Plaintiff served his Complaint and summons upon all Defendants with the earliest date of service being on November 1, 2006.

3.      Plaintiff's Complaint charges APS with: (1) violations of Plaintiff's 14th Amendment rights to equal protection, procedural and substantive due process; (2) violations of the federal Individuals with Disabilities in Education Act; (3) race discrimination and retaliation in contravention of Title VI of the Civil Rights Act of 1964; (4) retaliation in violation of Section 504 of the federal Rehabilitation Act; and violations of Plaintiff's rights under the New Mexico Constitution and statutory law of New Mexico. Complaint, ¶1.

4.      The root of each of Plaintiff's indictments against APS is Plaintiff's contention that APS improperly identified him as a student eligible for special education services on the basis of mental retardation.   Complaint, ¶¶13, 14, 16.   Plaintiff's Complaint states that the allegedly improper eligibility resulted from APS' intentional discrimination against him on the basis of race and disability.  *Id.*  Plaintiff claims to have suffered educational and emotional harm from the supposedly improper eligibility. Complaint, ¶21-22.

5.      This Court has jurisdiction over these federal questions pursuant to 28 U.S.C. §§1331 and 1441(a), (b), and (c).

6.      Individual Defendants Hines, Rowe, and Brown have been contacted and do not oppose removal.

7.      Pursuant to 28 U.S.C. § 1446(a), APS has attached hereto as Group Exhibit A, all the state court process, pleadings and orders served upon it. The Complaint was served upon the Defendants with the earliest date being on November 1, 2006. Thus,

this Notice of Removal is filed within 30 days after receipt by Defendants of a copy of

the Summons and Complaint, in compliance with 28 U.S.C. § 1446(b).

      8.    Pursuant to 28 U.S.C. § 1446(d), Defendant APS will promptly give

notice of removal to the Clerk of the Second Judicial District Court, as well as Plaintiff's

counsel.

      WHEREFORE, because there are federal questions at issue between the parties,

Defendant APS respectfully requests this honorable Court to assume full jurisdiction over

this action as provided by law.

                        **MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

                        By:_____

                            Michael L. Carrico
                            Samantha M. Adams
                            Attorneys for Defendants
                            Post Office Box 2168
                            Bank of America Centre
                            500 Fourth Street, N.W., Suite 1000
                            Albuquerque, New Mexico 87103-2168
                            Telephone: (505) 848-1800

I hereby certify that a copy of the
foregoing pleading was mailed to
counsel of record as follows:

Gail Stewart, Esq.
1400 Central Ave., S.E.
Sycamore Square, Suite 3300
Albuquerque, NM 87106-4811

on this 22nd day of November, 2006.

_____
Samantha M. Adams

W0631209

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

FILED
SECOND JUDICIAL DISTRICT

'06 JUL 25  PM 4: 37

*Ora...Williams*

SUMMONS ISSUED

MICHELLE JANKE

CHANSELOR BELL,

Plaintiff,

No. **CV 2006    05804**

v.

BOARD OF EDUCATION OF THE ALBUQUERQUE
PUBLIC SCHOOLS,  DEBI HINES, in her
individual and official capacity, LORI ROWE, in her
individual and official capacity, GREG BROWN  in his
individual and official capacity,

Defendants.

---

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO SECTION 1983, TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 AND SECTION 504 AND CIVIL ACTION FOLLOWING EXHAUSTION OF IDEA ADMINISTRATIVE PROCEDURES

### I.  Introduction

1.    This is  a Section 1983 complaint to remedy violations of a public school student's

14th amendment rights to equal protection, procedural and substantive due process.  This

complaint also seeks remedy for race discrimination and retaliation in violation of Title VI of the

Civil Rights Act of 1964 and for retaliation in violation of Section 504 of the Rehabilitation Act

of 1973.    Plaintiff also seeks remedy for violations of his rights under the New Mexico

Constitution and statutory law of New Mexico.  This Complaint seeks court review and reversal

of the final Individuals with Disabilities Act administrative due process decision dated June 26,

2006.

### II.  Jurisdiction, venue, exhaustion of administrative remedies

GROUP EXHIBIT A

2.     This Court has jurisdiction over this action pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1415(i)(2); 42 U.S.C. 1983; Title VI, 42 U.S.C. §2000d; and Section 504 , 29 U.S.C. 794(a), the New Mexico Constitution and state law.

3.     All parties live or work in Bernalillo County and all relevant actions occurred in Bernalillo County.

4.     Plaintiff has exhausted IDEA administrative remedies against the Albuquerque Public Schools Board of Education through the IDEA administrative review available in the State of New Mexico.

### III. Parties

5.     Plaintiff  Chanselor Bell ("Student") is  nineteen years old.  He was enrolled as a student  in the Albuquerque Public Schools (APS) at all material times between 1996 and May 2006 having graduated from APS with a high school diploma  in May 2006.

6.     Defendant Albuquerque Public Schools (APS) is established by the New Mexico Constitution and state law as the entity which supervises and controls Albuquerque Public Schools.   It is a Local Educational Agency; it receives federal funding and is subject to the requirements of  Title VI and Section 504.

8.     Defendant Debi Hines has been the director of special education for the Albuquerque Public Schools on or before the beginning of the 2002-2003 school year and is charged with the supervision and management of the district's special education department and its employees, creation and implementation of policy and adherence to state and federal law and had policymaking decision authority regarding issues in this complaint. The Special Education Department provides training, professional supervision and technical assistance  to evaluation specialists who are charged with ensuring  evaluations and reevaluations for receipt of

special education services are completed in accordance with the law and best practices.

9.      Defendant Lori Rowe was, at all material times, the special education evaluation specialist for Manzano High School in the Albuquerque Public Schools and acted as the designated administrator responsible for the evaluations and reevaluations of students with disability who attended Manzano High School, including Plaintiff. She was charged with ensuring that reevaluations were performed consistent with federal and state law and best practices.

10.     Defendant Greg Brown was, at all material times, the basketball coach at Manzano High School and was the administrator charged with running the Manzano High School varsity basketball program in accordance with APS policy and state and federal laws.

11.     For purposes of the Section 1983 claim, Defendants Hines, Rowe and Brown are sued in their individual capacities. All actions taken by these defendants were in the course and scope of their employment. The actions of all Defendants were taken under color of state law.

### IV. Facts

12.     Chanselor Bell is nineteen years old. At all material times, he was a student at the Albuquerque Public Schools. Bell is African-American.

13.     In 1996, when Chanselor Bell was a third grade student in the Albuquerque Public Schools, he was improperly identified by Defendant APS as a student with mental retardation.

14.     Beginning in 1996 and continuing, all evaluations and reevaluations performed adopted and relied on by defendants concluding that Chanselor Bell should be labeled as a child with "mental retardation" were erroneous, discriminatory, and failed to conform with

3

professional standards.

15.    The definition of mental retardation assumes a static limitation in ability to learn. The criteria for identification as mentally retarded is that the child has *"significantly subaverage general intellectual function*, existing concurrently with deficits in adaptive behavior and manifested during the developmental period that adversely affects a child's educational performance." 34C.F.R. Sec. 300.7(c)(6). (emphasis added)

16.    In 1999, when Chanselor Bell was in sixth grade, APS again  misidentified him as a student with mental retardation based on a substandard reevaluation which failed to incorporate all·relevant and required information and did not conform with professional standards. APS blatantly and intentionally disregarded Chanselor Bell's obvious academic progress and social competence which clearly negated the "mental retardation" label APS deliberately assigned to him in contravention of known facts.

17.    Albuquerque Public Schools informed Bell's step-mother, his parent for purpose of educational decisionmaking, that the mental retardation label it had assigned to Bell signified a chronic, life-long condition with little expectation for educational advancement.

18.    Defendants' ongoing failure to request and pursue reevaluation and obtain an adequate evaluation of student constituted intentional misidentification of Bell as a student with mental retardation.

19.    Chanselor Bell's identification as a student with mental retardation was published in his Individualized Education Plan (IEP) to all Albuquerque Public School staff that worked with him including defendants Rowe and Brown.   The IEP and related documents are part of Bell's

4

permanent educational record, which record must be frequently accessed in adult life by such entities as post secondary schools, military, employers.

20.    Chanselor Bell was wrongfully placed in segregated special education classes through his middle school years and isolated from nondisabled peers.

21.    Chanselor Bell knew that APS and Rowe identified him as a student with mental retardation. He was prevented from full participation in his education and the special education process by his knowledge that APS identified him as a student with mental retardation.

22.    By their actions, APS and Rowe represented, and Bell believed, that the "mental retardation" label applied to him and signified his inability to learn. As a consequence of Defendants' acts in labeling him and continuing to label him as a student who was "mentally retarded," Bell downwardly adjusted his academic and career expectations, all to his continuing emotional and educational detriment.

23.    In the spring of 2005, when he was a junior in high school, APS determined Bell eligible for receipt of special education services as a student with a learning disability and dropped the label, "mentally retarded." The change in Chanselor Bell's eligibility was based on information available to defendants on or before 2002-2003 school year, when Chanselor Bell was a freshman at Manzano high school.

24.    In spite of APS's long overdue decision to drop the "mental retardation" label for Bell, Defendants APS, Hines and Rowe did not expunge his educational records of the historical identification as a student who was "mentally retarded" and did not acknowledge that its previous label was in error.

25.    At all material times, Chanselor Bell was not provided with academic goals

5

through his IEP or individualized instruction aimed to remediate his actual learning disability.

26. Defendants knew or should have known that, historically, African American students are disproportionately labeled as students with mental retardation. The Office of Special Education has reported to Congress that African American youth are over-represented as students identified for receipt of special education as students with mental retardation and emotional disturbance. The over identification of African American students as students with mental retardation is based on racial prejudice and historic patterns of racial segregation in public education.

27. On or before September 18, 2002, Defendants APS and Hines were specifically informed by the New Mexico Public Education Department of APS's failure to appropriately evaluate and identify African American students for receipt of special education. At that time, if not before, the New Mexico Public Education Department informed APS and Hines of its concern that APS over-identified African American students for receipt of special education and disproportionately segregated such students. APS and Hines's failure to take appropriate action after September 2002 constituted deliberate indifference and intentional discrimination which harmed Bell, a student who had been misidentified as a student with mental retardation on the basis of racially discriminatory special education practices of defendant APS.

28. Due to disproportionate identification of African American students as students with mental retardation, and recognition of the unwarranted stigma and resulting low expectations that result from misidentification, Congress has emphasized the importance of adequate evaluation procedures.

29. IDEA recognizes the intensification of problems related to misidentification for

6

African American students within the special education context. 20 U.S.C. 1400(c)(12).

30.    Failure by APS, Hines and Rowe to properly evaluate and identify Chanselor Bell's disability constituted discrimination against Bell on the basis of race. The failure to change Bell's identification before 2005 constitutes discrimination on the basis of race by all defendants.

31.  Defendant APS's policies, practices and customs resulted in intentional disparate treatment and discrimination against Bell on the basis of race.

32.    Defendants APS has instituted and maintained policies and practices of improper evaluation, not based on acceptable professional standards, of African American students for disability eligibility.

33.    Defendants have intentionally discriminated against Chanselor Bell by knowingly misidentifying and/or continuing to misidentify him as a student with mental retardation.

34.    Defendants have instituted and maintained a policy and practice which fails to properly identify and provide FAPE to African-American students; and of placing African-American students in special education classes without evaluating their individualized needs for appropriate education and related services.

35.    Defendants also violated Chanselor's constitutional rights under the New Mexico Constitution in that they did not provide him with a free public school education which is sufficient for him in violation of Article VI, §13.

36.    Chanselor Bell was arbitrarily and irrationally treated differently than other students because of his race, including but not limited to being misidentified as a student with mental retardation, not being re-evaluated to determine appropriate disability eligibility and being segregated into special education classes without appropriate academic goals in his IEP. Any

7

other reasons provided for defendants' actions are pretextual. The actions and inactions of the Defendants against Bell were purposeful and intentional. Defendants intentionally discriminated against Plaintiff and there is no rational basis for the difference in treatment.

37.   Defendants have violated Bell's right to Equal Protection under the New Mexico Constitution Article II, sec. 18.

38.   All actions and inactions of Defendants arise out of intentional discrimination against Student on the basis of race and color.

39.   Student was denied educational services, educational opportunity and has suffered damages as result of Defendants' actions and inactions consistent with its deliberate and intentional policies and practices based on race discrimination.

40.   Chanselor Bell began playing varsity basketball as a freshman at Manzano High.

41.   In September 2005 during Chanselor Bell's senior year, Greg Brown arbitrarily and irrationally removed Bell from his basketball class and the basketball team. The reason for his removal from the class and the basketball team, that he had refused to run in class, was pretextual.

42.   When Chanselor Bell was allowed back into the basketball class, the coach took further actions to keep Chanselor Bell off the team by establishing a pretextual process for selecting the basketball team.

43.   When Chanselor Bell was reinstated to the basketball team, he was arbitrarily and irrationally not allowed to dress out to play and had to sit on the bench.

44.   Chanselor Bell's step-mother had registered concerns about defendant APS and defendant Brown's actions based on race and disability during the fall of 2005 including filing

8

complaints with APS Equal Opportunity Office, the federal Office of Civil Rights and the New Mexico Public Education Department.  These complaints specifically referenced the actions of APS and defendant Greg Brown and raised concerns about race discrimination and adequacy of special education.

45.   As a result of one or all of the complaints filed against Albuquerque Public School staff, and in retaliation, Albuquerque Public School and defendant Brown took actions deliberately and purposefully aimed to decrease Bell's ability to play basketball in a post-secondary school setting which actions had the effect of eliminating Bell's ability to pursue post secondary education as planned in the fall of 2006.

46.   Defendants' actions were part of a pattern, practice and course of conduct to deprive Chanselor Bell of his rights under the United States Constitution, the State Constitution, federal and state law.  Defendants willfully and intentionally conspired to injury Plaintiff.

47.   At all times, Defendants have instituted and maintained  policies, practices, and customs of unequal and disparate treatment and discrimination against African-American students.  These policies, practices and customs were a direct and proximate cause of Plaintiffs' injuries and damages.

48.   Student was denied educational services, educational opportunity and has suffered damages as result of  Defendants' actions and inactions consistent with its deliberate and intentional policies and practices based on race discrimination.

49.   As a result of Defendants' actions and refusals to act as described in this complaint, Chanselor Bell suffered  injuries and sustained damages including emotional distress, pain and suffering, lost educational opportunity, and future loss of income.

9

50.   As a result of the failure to provide Chanselor Bell with appropriate education including the misidentification as "mentally retarded," Bell's post-secondary educational, career options, and wage earning abilities have been artificially limited. He must obtain remedial education services before receiving college credit.

51.   Failure of Defendants to act to correct APS's misidentification of Chanselor Bell before 2005 seriously damaged his reputation and honor and deprived him of educational opportunity.

52.   Failure of Defendants to act to correct APS's misidentification of Chanselor Bell before 2005 seriously damaged his reputation and honor and deprived him of future wage earning ability.

53.   Defendants' actions and refusals to act as set out in this complaint were reckless, intentional, willful, wanton, malicious, done in reckless disregard of Plaintiff's rights, with deliberate indifference to Plaintiff's rights and in bad faith or with gross misjudgment. Defendants' conduct was extreme and outrageous under the circumstances and they acted intentionally or recklessly. As a proximate result of Defendants' conduct, Plaintiff has suffered severe emotional distress.


### Appeal of IDEA administrative decision

54   Administrative due process hearing was conducted from May 10 to May 13, 2006.

55.   The Administrative Due Process Hearing officer ruled that the Chanselor Bell was not denied FAPE under IDEA and so Bell is a party aggrieved.

56.   Plaintiff partially appeals the June 26, 2006, decision of the IDEA Due Procss Hearing Officer (DPHO) as the decision is not supported by the facts or the law and the decision should be partially reconsidered on its merits based on applicable law and the appropriate standard of review.

Failure to re-evaluate student is a deprivation of FAPE

57.   The administrative decision is incorrect, as a matter of law:   it incorrectly limits Plaintiff's claim to two years; it failed to find that improper evaluation and reevaluation labeling Plaintiff as "mentally retarded" constitutes denial of FAPE.

58.   APS's substandard evaluation and reevaluations and failure to properly reevaluation substantively infringed the parents' and the student's right to participate in the IEP process, substantively harmed the student, compromised receipt of appropriate education and caused the student to be deprived of educational benefit.  As a result of APS's actions and inactions, student was denied FAPE.

Certain findings of fact are unsupported by the evidence in the record or are the result of incomplete evidence concerning APS policy and practice.

59.   Plaintiff challenges certain findings of fact which are inconsistent with and unsupported by the record as well as certain findings which may be based on incomplete information available at the due process level limited as it was to "facts" about this student and the consequent failure to consider all facts relevant to policy and practice of APS in the context of this Student's education.   The due process hearing officer erred by refusing to allow any evidence related institutional racial and cultural basis as it related to the educational decision making to this student.

11

## VI. Claims

60   Defendant APS failed to provide Student with FAPE pursuant to IDEA.

61.   Defendants' actions violate Bell's rights to equal Protection and due process under the 14th Amendment

62.   Defendants' actions violate  Bell's rights to education free from race discrimination  and retaliation in violation of Title VI of the Civil Rights Act of 1964.

63.   Defendants' actions constitute retaliation for Bell's advocacy for his rights as a student with disability in violation of Section 504.

64.   Defendants' actions violate the Equal Protection clause of Article II, §18  of the New Mexico Constitution.

65..   Defendants actions violate Article VI. §13 of the New Mexico Constitution.

## VII. Prayer for Relief

Wherefore, Plaintiffs pray that the Court:

1.   Grant jury trial on all matters allowed by law;

2.   Review the administrative record of the IDEA administrative process, consider additional evidence as requested and as allowed by law,  and order provision of all relief available pursuant to the court's powers in law and equity;

3.   Award compensatory damages for discrimination  and retaliation suffered;

4.   Award damages for violations of Student's constitutional rights;

5.   Award punitive damages;

12

6.    Award all attorney fees and costs allowed by law;

7..   Award such other relief as the Court deems appropriate.

Respectfully submitted,

**STEVEN GRANBERG ATTORNEY AT LAW, P.A.**

By: _____

**GAIL STEWART**
1400 Central, S.E., Suite 3300
Albuquerque, New Mexico 87106-4811
Telephone: 505-244-3779

And

PEGASUS LEGAL SERVICES FOR CHILDREN
Tara Ford
4916 4th St . NW
Albuquerque, NM 87107
Telephone:  505-244-1101

Attorneys for Plaintiff

13