# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHANSELOR BELL,

       Plaintiff,

vs.                                                                    No. CIV 06-1137 JB/ACT

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Motion for Protective Order, filed November 20, 2007 (Doc. 62)("Motion").  The Court held a hearing on January 29, 2008.  The primary issues are: (i) whether Albuquerque Public Schools Equal Opportunity Service's file is protected from disclosure by the deliberative-process privilege because the information Plaintiff Chanselor Bell requests is predecisional and is related to deliberative processes; and (ii) whether, even if the file is protected by the deliberative process privilege, Bell has demonstrated a substantial need for Albuquerque Public Schools Equal Opportunity Service's file that overcomes the deliberative process privilege.  For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will deny the motion for protective order.  Because APS has not demonstrated that the file is predecisional and related to deliberative processes, and because Bell has demonstrated a substantial need for the file, the Court will deny Defendant Albuquerque Public Schools' motion for a protective order precluding Plaintiff from obtaining discovery of information generated in APS' Office of Equal Opportunity Services.

## FACTUAL BACKGROUND

The APS Equal Opportunity Services ("EOS") office is the internal department that investigates civil rights complaints filed against the school district.  See Motion at 2.  In conjunction with its operations, the EOS office interviews witnesses, attempts to achieve resolution through conferences, mediations, or other alternative dispute-resolution processes, and, if compromised resolution cannot be reached, renders opinions whether there has been discrimination.  See id. at 2-3.  Dr. Charles Becknell is the Director of APS EOS Department.  See id. at 3.

In regards to the race-discrimination complaint, EOS Internal Complaint No. 05-061012, which Gina Bell filed on behalf of Chanselor Bell, Linda Rizzo was the APS EOS representative assigned to investigate the matter who investigated Ms. Bell's claim.  See Motion at 3.  Rizzo conducted numerous interviews of Ms. Bell, Chanselor Bell, basketball coach Greg Brown, Principal Tim Whalen, and others.  See id.  Rizzo, along with Becknell, met with various school administrators to discuss Chanselor Bell's claims, motives for filing the claims, legal issues, and proposed resolutions.  See id.  APS represents that Becknell has had no involvement in Chanselor Bell's education other than in relation to the EOS Department's investigation and analysis of Ms. Bell's claim.  See id. at 3-4.

Rizzo and Becknell also communicated with the Bells regarding proposed resolutions.  See id. at 3.  Rizzo prepared a summary of the case and was working on a proposed final decision.  See id.  Ms. Bell, however, withdrew her EOS complaint before the issuance of the determination letter.  See id.  Upon receipt of Ms. Bell's e-mail of withdrawal, the APS EOS office discontinued working on the file.  See id.

## PROCEDURAL BACKGROUND

Chanselor Bell has submitted a discovery request asking APS to produce "all documents or files held by APS EOS office or its staff concerning complaints made by Gina Bell on behalf of Chanselor Bell in 2005-2006."  Motion, Exhibit A, Plaintiff's First Request for Production of Documents, Request No. 3 at 2.  Chanselor Bell also scheduled Becknell's deposition.  See Motion at 3.

APS moves the Court for a protective order precluding Bell from obtaining discovery of information generated in APS' alleged deliberative process in relation to its Office of Equal Opportunity Services' response to the administrative civil rights complaint that Gina Bell filed on behalf of Chanselor Bell.  See Motion at 1 (citing APS EOS Internal Complaint No. 05061012). APS seeks to protect from disclosure Rizzo's interview notes and comments, including: (i) the case summary that Rizzo prepared; (ii) e-mails between and among Rizzo, Becknell, and APS administrative personnel regarding the complaint; (iii) summaries of interviews that Rizzo prepared; (iv) summaries of telephone conversations regarding the investigation and analysis that Rizzo prepared; (v) summaries of a meeting between EOS representatives and school administrators regarding the complaint that Ms. Bell filed; and (vi) Rizzo's notes regarding her investigation.  See Motion at 4.

## LAW REGARDING DELIBERATIVE PROCESS PRIVILEGE

The deliberative process privilege is designed to prevent injury to the quality of agency decisions by insuring that frank discussions within the agency are not inhibited by public disclosure. See NLRB v. Sears, Roebuck and Co., 421 U.S. 132, 150-51 (1975).  The privilege "'rests on the obvious realization that officials will not communicate candidly if each remark is a potential item

of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.'" Casad v U.S. Dep't of Health and Human Servs., 301 F.3d 1247, 1251 (10th Cir. 2002)(quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001)).  To fall within the deliberative-process privilege, information must be pre-decisional in nature and must form part of the agency's deliberative process.  See NLRB v. Sears Roebuck and Co., 421 U.S. at 150-52.

Information is pre-decisional if it is prepared "to assist an agency decisionmaker in arriving at his decision . . . and may include recommendations, draft documents, proposals, suggestions, and other documents which reflect the personal opinions of the writer rather than the policy of the agency." Formaldehyde Inst. v. Dep't of Health and Human Servs., 889 F.2d 1118, 1122 (D.C. Cir. 1989)(internal quotations and citations omitted).  A pre-decisional document is part of the deliberative process if it relates to government decision-making and its disclosure to the public "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id. at 1122 (internal quotations omitted).

A pre-decisional document may include recommendations, proposals, suggestions, and other subjective evaluations which reflect the personal opinions of the writer, and which discuss the wisdom or merits of a particular agency policy or recommend new agency policy.  See Pueblo of Zuni v. United States, No. 01-1046 WJ/WPL, Memorandum Opinion and Order at 13, filed February 13, 2006 (Doc. 205)(D.N.M. 2006).  The key inquiry of the deliberativeness prong is whether the disclosure of the requested material would tend to discourage candid discussion within the agency. See Petroleum Info. Corp. v. U.S. Dep't of Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992).

Generally, factual information is not protected from disclosure under the privilege, while materials that embody deliberative opinions are.  See id.

The Court believes that the deliberative process privilege, even if it applies in this context, does not apply to individual decisions that a governmental agency makes, because the privilege primarily protects deliberation about what the broad policies should be, not individual decisions implementing existing policy.

**IT IS ORDERED** that Defendant Albuquerque Public Schools' Motion for Protective Order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Tara Ford
Pegasus Legal Services
Albuquerque, New Mexico

 -- and --

Gail S. Stewart
Steven Granberg
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Michael L. Carrico
Samantha Adams
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendant*