## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHANSELOR BELL,

      Plaintiff,

vs.                                                                        No. CIV 06-1137 JB/ACT

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on APS' Motion for Leave to Present Supplemental Evidence, filed May 28, 2008 (Doc. 136)("Motion"). The Court held a hearing on July 29, 2008. The primary issue is whether the Court should permit the Defendant Board of Education of the Albuquerque Public Schools ("APS") to submit supplemental evidence on Plaintiff Chanselor Bell's request to expunge educational records regarding his IDEA eligibility of mental retardation. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will grant in part APS' Motion for Leave to Present Supplemental Evidence.

At the July 29, 2008 hearing, APS' counsel, Mr. Michael L. Carrico, represented that APS' standard protocol is to destroy educational records, including special education records, every five or six years. See Transcript of Hearing at 63:2-4 (taken July 29, 2008)("Tr.")(Carrico).[1] Mr. Carrico represented that APS would destroy all of Bell's special education records under its standard protocol. See id. at 63:4 (Carrico). Mr. Carrico indicated that he would submit a proposed stipulated order indicating that, if the Court did not eliminate Bell's request that APS expunge all

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

reference to the "mental retardation" label from his educational records, and if the Court received Bell's evidence relevant to his expungement remedy, before it made a determination on Bell's IDEA claim, APS would request a five-minute hearing where APS would call Bell's counsel, Ms. Gail Stewart, and an Albuquerque Journal reporter.  See id. at 64:11-19 (Court & Carrico).  Ms. Stewart agreed that Bell would stipulate to whatever evidence APS wishes to submit on that issue, and stated that she believed she had told Mr. Carrico that Bell would stipulate to the evidence some time ago.  See id. at 65:5-8 (Stewart).  Ms. Stewart indicated that she was willing to make statements as an officer of the court or testify on the witness stand.  See id. at 65:10-13 (Stewart). Mr. Carrico agreed to submit a stipulated order that would contain the parties' stipulated facts, and agreed to try and obtain Ms. Stewart's signature on the order.  See id. at 65:22-66:4 (Court & Carrico).

**IT IS ORDERED** that APS' Motion for Leave to Present Supplemental Evidence is granted to the extent that the Defendant may submit a stipulated order, containing stipulated facts.  If the parties cannot agree on a stipulated order with stipulated facts, the Defendant may renew his request for a hearing.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Tara Ford
Pegasus Legal Services
Albuquerque, New Mexico

 -- and --

-2-

Gail S. Stewart
Steven Granberg
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Michael L. Carrico
Samantha M. Adams
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

 *Attorneys for the Defendant*