IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHANSELOR BELL,

      Plaintiff,

vs.                                                                                        No. CIV 06-1137 JB/ACT

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on APS' Motion for Summary Judgment on Basketball-Related Claims, filed January 18, 2008 (Doc. 87). The Court held a hearing on July 28 and July 29, 2008. The primary issues are: (i) whether Defendant Board of Education of the Albuquerque Public Schools ("APS") is entitled to summary judgment on Plaintiff Chanselor Bell's Section 504 retaliation claim; (ii) whether APS is entitled to summary judgment on Bell's Title VI retaliation claim; (iii) whether APS is entitled to summary judgment on Title VI claim for race discrimination; and (iv) whether APS is entitled to summary judgment on Bell's constitutional claims under 42 U.S.C. § 1983 for Procedural and Substantive Due Process and Equal Protection. Because the Court concludes that there is evidence that Coach Greg Brown retaliated against Bell by treating him differently than the crisis management portion of his Behavior Intervention Plan, and because the Court believes that Bell has established a prima-facie case and that he has demonstrated a genuine issue of material fact whether APS' stated reason for kicking him off the team was pretextual, the Court will deny the motion for summary judgment on the Section 504 retaliation claim. Because the Court concludes that there is evidence that APS, through Brown, took

adverse action against Bell after his parents complained of racial discrimination, and because the Court believes that Bell has established a genuine issue of material fact whether APS' stated reasons for taking adverse actions against Bell, as a team member, were pretextual, the Court will deny the motion for summary judgment on the Title VI claim.  For reasons stated on the record at the hearings on July 28, 2008 and July 29, 2008 hearings, and for reasons consistent with those already stated, the Court will deny the motion for summary judgment on Bell's retaliation claims under Section 504 and Title VI, but grant summary judgment to APS on Bell's claim of Title VI race discrimination and on his claims pursuant to 42 U.S.C. § 1983 for violation of the Equal-Protection Clause, Procedural Due-Process Clause, and Substantive Due-Process Clause.[1]

**IT IS ORDERED** that APS' Motion for Summary Judgment on Basketball-Related Claims is granted in part and denied in part.  The Court grants the motion for summary judgment on Bell's claims of Title VI race discrimination, and on his claims pursuant to 42 U.S.C. § 1983 for violation of the Equal Protection Clause, Procedural Due-Process Clause, and Substantive Due-Process Clause.  The Court denies the motion for summary judgment on Bell's retaliation claims under Section 504 and under Title VI.

---

[1] The Court notes that Bell contended in his response to APS' motion, that "[o]f the claims contested by APS in its Motion, the only ones which remain of those APS characterizes as 'basketball-related claims" are the retaliation claims pursuant to Title VI and Section 504." Plaintiff's Response in Opposition to APS' Motion for Summary Judgment on Basketball-Related Claims at 7, filed June 13, 2008 (Doc. 139).  The Court believes, however, for clarity in the record, that it must address APS' motion for summary judgment on Bell's constitutional claims under 42 U.S.C. § 1983.

                                                      _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Tara Ford
Pegasus Legal Services
Albuquerque, New Mexico

 -- and --

Gail S. Stewart
Steven Granberg
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*


Michael L. Carrico
Samantha Adams
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*